# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

GLEN DARNELL PERRIAN                                                    PETITIONER
ADC #155185

v.                          Case No. 5:16-cv-00104 JM-JTK

WENDY KELLEY, Director,
Arkansas Department of Correction                                       RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United

States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Glen Darnell Perrian. (Doc. No. 1) After reviewing the parties' briefing and the available evidence, the undersigned recommends that the petition be denied and dismissed with prejudice.

## Background

On June 24, 2013, Glen Darnell Perrian pleaded guilty in Desha County Circuit Court to aggravated robbery and theft of property for the armed robbery of a bank teller at the First National Bank of McGehee, Arkansas. (Doc. No. 11-1, at pp. 30-33) Pursuant to the negotiated plea, Perrian received consecutively-run sentences of 360 months for the aggravated robbery and 120 months for the theft of property. (*Id.*)

On or about September 17, 2013, Perrian filed a pro se Petition for Reduction of Sentence pursuant to Ark. Code Ann. § 16-90-111. (*Id.* at pp. 34-36) That code section provides that the trial court may reduce a sentence within ninety (90) days after the sentence is imposed.

2

On or about September 2, 2014, Perrian filed a second pro se petition for postconviction relief. In the petition, Perrian again sought relief under Ark. Code Ann. § 16-90-111, and he also invoked Arkansas Rule of Criminal Procedure 37.1. (*Id.* at pp. 45-52) On February 25, 2015, Perrian moved to withdraw his guilty plea. (*Id.* at pp. 57-60)

On June 3, 2015, the trial court denied all three requests for postconviction relief under one order. (*Id.* at pp. 66-69) Perrian appealed that decision of the trial court, and on November 12, 2015, the Arkansas Supreme Court dismissed the appeal, finding that it was clear the appeal had no merit. *Perrian v. State of Arkansas*, 5015 Ark. 424. Specifically, the Arkansas Supreme Court held that, by pleading guilty, Perrian waived any claim that he was not guilty of the charges and any claim that the evidence was insufficient to support the judgement. Further, the 2014 and 2015 petitions for postconviction relief were untimely; thus, the trial court lacked jurisdiction as did the appellate court. Petitioner subsequently filed this habeas petition on April 6, 2016.

**Discussion**

Petitioner argues that he is entitled to relief pursuant to 28 U.S.C. § 2254 due to "ineffective assistance of counsel, Withheld evidence, Newly discovery [sic] of evidence, Appointment of Counsel.[1]" (Doc. No. 1, at p. 5)

Respondent admits Petitioner is in her custody but denies that Petitioner is entitled to habeas relief. Instead, Respondent asserts that the claims are either procedurally barred or meritless. For the reasons that follow, the undersigned recommends that the petition be denied

---

[1]Perrian contends that he does not know the law and seeks counsel because he is pro se. The Court denied the request for appointment of counsel, determining that the issues are not complex.

3

and dismissed with prejudice.

A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Perrian failed to present any of his arguments for a complete round of review by the state courts, so his claims are procedurally defaulted. Even if it is assumed that he has established cause for the defaults of his ineffective assistance claim, Petitioner has failed to establish sufficient prejudice. *See Trevino v. Thaler*, 133 S. Ct. 1911 (2013); *Martinez v. Ryan*, 132 S. Ct. 1309 (2012); *Sasser v. Hobbs*, 735 F.3d 833 (8th Cir. 2013). Lastly, Petitioner's claims are without merit. However, a discussion is unnecessary given the procedural default and untimeliness of

Petitioner's claims.

## Conclusion

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 9th day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE